UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DEAUNTTA MALLOY,

                                      Plaintiff,                    9:23-CV-1186
    v.                                                                (MAD/DJS)

SHANLEY, *et al.*,

                                      Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

DEAUNTTA MALLOY
Plaintiff, pro se
21-A-1621
Washington Correctional Facility
Box 180
72 Lock 11 Lane
Comstock, NY 12821

HON. LETITIA JAMES                    ALEXANDRA L. GALUS, ESQ.
NYS Office of The Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

     Presently pending in this action are several motions filed by Plaintiff regarding discovery. Plaintiff has filed numerous discovery demands directed to Defendants on the Court docket which were subsequently stricken because L.R. 26.2 does not permit the filing of such documents. *See* Dkt. No. 66. Plaintiff has now requested clarification

of the order striking documents and requests a copy of the docket sheet. Dkt. No. 67. Plaintiff is advised that under this Court's rules of practice, discovery demands and responses are to be exchanged only between the parties and should be filed only when necessary as part of a motion to compel. This was the basis for striking from the docket his previously filed requests for discovery from Defendants.

The Clerk is directed to provide Plaintiff with a copy of the updated docket sheet in this case.

Plaintiff has filed two submissions captioned as Motions to Compel. Dkt. Nos. 68 & 70. The first of those appears to be discovery material being provided by Plaintiff to Defendants and thus, as with prior submissions should not have been submitted to the Court. That Motion does not present any matter for adjudication by the Court and is denied as moot.

The remaining Motion seeks to compel production of several different items from Defendants: Tier III Hearing transcripts from August 3 and 25, 2022 and certain facility video footage. Dkt. No. 70 at pp. 1-2. Defendants have responded noting that, as of the date of the submission, one of the two hearing transcripts had been provided, Dkt. No. 72 at p. 4, but that the other had only recently been obtained and was being transcribed. *Id.* at p. 5. Defense counsel is advised to provide a status report with ten (10) days of

this Order informing the Court whether the second transcript has yet been provided to Plaintiff.[1]

Plaintiff also sought production of certain video evidence. Dkt. No. 70 at p. 4. Defense counsel has provided a sworn statement from Captain Sadaf Syed at Coxsackie Correctional Facility that following a diligent search, no videos of the incident in question exist. *See* Dkt. No. 72-1. Given that, the Motion to Compel production must be denied.

**ACCORDINGLY,** it is hereby

**ORDERED** that Plaintiff's motions regarding discovery (Dkt. Nos. 67, 68, & 70) are **GRANTED IN PART** and **DENIED IN PART** as set forth above; and it is further

**ORDERED** that Defendants' counsel file a status report regarding discovery within ten (10) days; and it is further

**ORDERED** that the Clerk of the Court provide Plaintiff with an updated docket sheet; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on the parties.

Date:  February 28, 2025
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] Defense counsel shall also advise, again within ten (10) days, whether responses to the Request for Admissions referenced in Defendants' response to the motions to compel have been provided. *See* Dkt. No. 72 at ¶ 13.

3